Matter of Lubin (2017 NY Slip Op 08828)





Matter of Lubin


2017 NY Slip Op 08828


Decided on December 20, 2017


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RANDALL T. ENG, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2017-08037

[*1]In the Matter of David Lubin, an attorney and counselor-at-law, respondent. (Attorney Registration No. 2309011)



APPLICATION pursuant to 22 NYCRR 1240.10 by David Lubin, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on January 22, 1990, to resign as an attorney and counselor-at-law.



Catherine A. Sheridan, Hauppauge, NY (Robert H. Cabble of counsel), for Grievance Committee for the Tenth Judicial District.
Charles A. Ross & Associates, New York, NY (Matthew Shroyer of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The respondent, David Lubin, has submitted an affidavit sworn to on June 12, 2017, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges in his affidavit that he is the subject of an investigation by the United States Attorney's Office in the Southern District of Florida, and has entered into a preliminary plea agreement, which contemplates his pleading guilty to one count of conspiracy to sell unregistered securities in violation of 18 USC § 371. The respondent attests that, pursuant to the criminal plea agreement, he has agreed to resign from the practice of law.
The respondent avers that his resignation is freely and voluntarily tendered; that he is not being subjected to coercion or duress by anyone; and that he is fully aware of the implications of submitting his resignation, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
As to the issue of restitution, the respondent avers that the proceedings and investigation by the United States Attorney's Office in the Southern District of Florida do not include allegations that he willfully misappropriated or misapplied money or property in the practice of law. However, the respondent acknowledges that the resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection of the State of New York, and that he consents to the Court's continuing jurisdiction to make such an order.
The respondent also acknowledges and agrees that pending the issuance of this order accepting his resignation, he will not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or [*2]others entitled to receive them.
Lastly, the respondent acknowledges that in the event the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned charges and allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
ENG, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the application of the respondent, David Lubin, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, David Lubin, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, David Lubin, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, David Lubin, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, David Lubin, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court